# George S. Poppers

## v.

## Mary J. Meager.

*Landlord and Tenant—Tenant Holding Over.*

1.  An agreement in a lease to pay so much per day as liquidated damages for each day possession is withheld after the termination of the lease by lapse of time, is valid; not to be treated as a penalty, but enforced.

2.  In view of the evidence in the case presented, this court holds that the payment by a party named, of a sum amounting to one month's rent, which was subsequently returned, is not to be regarded as anything more than a mere deposit, to be taken as rent if the negotiations terminated in a lease, and to be returned if they did not. This court holds, in the absence of evidence of any communication between the parties hereto, by which the plaintiff is estopped, that the defendant wrongfully held over, and declines to interfere with the judgment against him.

[Opinion filed January 27, 1893.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Mr. John P. Ahrens, for appellant.

Messrs. Eastman & Schumacher, for appellee.

Mr. Justice Gary. The appellant was tenant of the appellee for a term expiring April 30, 1889, under a lease which contained this covenant on his part:

"Eighth. At the termination of this lease by lapse of time or otherwise, to yield up immediate possession to said party of the first part, and failing so to do, to pay as liquidated damages for the whole time such possession is withheld, the sum of thirty dollars per day."

The rent reserved in the lease was $500 per month.

About the time that the lease expired—whether before or

after, was the subject of conflicting testimony—the Grand
Rapids Furniture Company began negotiations with the
appellee, both acting through agents, for a lease of the same
premises for a term of five years, the company to deal as it
pleased with the appellant, who was holding over without
consent of the appellee. That lease was to run from the
first day of May, 1889. Leases were prepared by the agent
of the appellee, and taken to be considered by the company,
but not executed by either party. May 28, 1889, the com-
pany paid to the appellee rent (so called in the receipt given)
for that month. The testimony was conflicting, whether
there was any communication between the parties to this
suit after April 30, 1889, until the demand for possession in
July.

The appellant being shown the receipt taken by the agent
of the company, paid to him, what they, as between them-
selves, called rent for the premises, for May, June and
July.

In July the appellee returned to the company the money
received May 28, 1889. On this state of facts the court
below found—trying the cause without a jury—that the
appellant was responsible for the time he continued in the
premises after April 30, at the rate of thirty dollars per
day, refusing the propositions of law submitted by the
appellant, as follows:

"1. If the court believes, from the evidence, that at or
about the time of the expiration of the lease from the
plaintiff to the defendant, in question, the plaintiff by her
agents entered into negotiations with the Grand Rapids
Furniture Company for a lease of the premises in question
from plaintiff to said company, and that a draft of such
lease was prepared and given to the agent of said company
for execution by said company, and to be returned to the
plaintiff duly executed by said company the next day, and
·that said company then paid to the agent of plaintiff the
sum of four hundred and sixteen and 66-100 dollars
($416.66), the amount of rent in and by said draft of
said proposed lease provided, for the month of May,

Poppers v. Meager.

1889, and received from said agent of plaintiff the receipt given in evidence for said sum of money, and that the defendant was informed of said negotiations, and of the acceptance of said rent for said month of May by said plaintiff's agents from said company, and that while said negotiations were pending between the plaintiff and said company the defendant remained in the possession of said premises with the consent of said company, and without any demand having been made by the plaintiff upon the defendant for the possession of said premises, and that the defendant paid the rent for said premises to said company for the months of May, June and July, 1889, and that the defendant had no notice that said negotiations between the plaintiff and said company had been declared off before the defendant paid the rent for the month of July, 1889, and that no demand had been made by or on behalf of the plaintiff upon the defendant for the possession of the said premises prior to the latter part of July, or the first day of August, 1889, then as a matter of law, the plaintiff is not entitled to recover any damages against the defendant for holding possession of said premises for the time prior to the making of such demand, although such proposed lease was never in fact executed by said company.

2. If the court believes from the evidence that about the middle of May, 1889, the Grand Rapids Furniture Company made an application to the plaintiff's agents for a lease of the premises in question while the defendant was in possession thereof, and that said plaintiff's agents informed the representatives of said company making said application, that the plaintiff had a tenant there that she or her agents had some trouble with, and that in case said application was accepted, it would have to be with the understanding that the issuing of a lease would be giving possession of the premises; that said agents could not guarantee to put said company into possession, and that said company must take it in that way; that if it wanted to take the chances of litigation with the defendant to oust him, well and good. And if the court further believes from the evidence that said

company made its application for said lease upon those conditions, and upon the condition that it was to pay the rent for said premises from May 1, 1889, and that the representative of said company informed said plaintiff's agents that he thought he could arrange with the defendant to buy him out, and that thereupon said company's representative paid to said plaintiff's agents the rent for the month of May, 1889, took away with him the draft of the lease offered in evidence, with the promise on his part that said draft of said lease should be executed by said company and returned to plaintiff duly executed the day following, and if the court further believes from the evidence that the defendant was informed of said negotiations between the plaintiff's agents and said company, and that thereupon an arrangement was made by the defendant and said company whereby the defendant in good faith agreed to sell, and said company agreed to buy, the stock of furniture of the defendant in said premises, and that it was agreed between said company and the defendant that he should remain in possession of said premises until said purchase of said stock of furniture by said company should be consummated, and pay said company during such occupancy the same rent that said company was to pay said plaintiff, and that in pursuance of such agreement the defendant did pay said company such rent for the months of May, June and July, 1889, before the defendant had any notice or knowledge of the arrangement subsequently made, whereby the plaintiff's agents paid back the rent which said company had paid to them, as shown by the evidence, and that no demand was made by or on behalf of the plaintiff upon the defendant for the possession of said premises prior to the latter part of July or the first day of August, 1889, then as a matter of law, the plaintiff is not entitled to recover any damages against the defendant for holding the possession of said premises for the time prior to the making of such demand.

3. The provision in the lease from the plaintiff to the defendant, offered in evidence, providing that in case of the defendant failing at the termination of said lease, by lapse of time or otherwise, to yield up immediate possession of the

premises to the plaintiff, he should pay as liquidated damages, for the whole time such possession is withheld, the sum of thirty dollars per day, under the evidence in this case must be held to be a provision for a penalty only, notwithstanding the language 'liquidated damages' is used, and that under the evidence in the case, the plaintiff is entitled to recover only such actual damages as the evidence shows the plaintiff sustained by reason of the failure of the defendant to yield up the possession of said premises at the expiration of said lease."

The first and second propositions are based upon the contingency that " the court believes from the evidence" certain conclusions.

We can not know whether they were rejected because the court did not so believe, or because the court did not agree with counsel as to the legal consequence.

The court, upon the conflicting evidence, probably found that there were no communications between these parties after April 30, 1889, except the demand for possession recited in the propositions, and that the payment to the appellee by the company on May 28, 1889, was only provisional, having no effect if not followed up by the execution of the lease. It is clear that if the company did not acquire the right to the possession of the premises by the payment on May 28, 1889, and if there was no communication between these parties by which appellee is estopped, then the appellant has wrongfully held over.

We think that the true conclusion is, that the payment is not to be regarded as anything more than a mere deposit, to be taken as rent if the negotiations terminated in a lease, and to be returned, as was done, if they did not.

The agreement to pay thirty dollars per day while holding over, is valid; not to be treated as a penalty, but enforced. Griffin v. Knisely, 75 Ill. 411; Higgins v. Halligan, 46 Ill. 173.

There is a little uncertainty as to when the appellant moved out, but the finding of the court below is not to be disturbed unless it definitely appears to be wrong. The judgment is affirmed.                          *Judgment affirmed.*